140-1524                                 RPV/MGR                                        #6191112

No. 15-1629

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| RICHARD M. SMEGO, | ) | |
| | ) | District Court No.: 08-cv-03142 |
| Plaintiff - Appellant, | ) | Trial Judge: Sue E. Myerscough |
| v. | ) | |
| | ) | |
| | ) | |
| DR. JACQUELINE MITCHELL, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |
| | ) | |

**DEFENDANT JACQUELINE MITCHELL'S RESPONSE TO THE APPELLANT'S MOTION FOR THE APPOINTMENT OF COUNSEL**

Appellee JACQUELINE MITCHELL, D.D.S., through her attorneys, ROBERT P. VOGT of WELDON-LINNE & VOGT, submits this Response to the appellant's MOTION FOR APPOINTMENT OF COUNSEL.

## I.     INTRODUCTION

1. On April 16, 2015, appellant filed a Motion for Appointment of Counsel. [Appellate Doc. 3]. The motion complains that he has limited access to legal research materials and the law library at this time. Furthermore, the appellant claims that the Rushville Facility ("Facility") has: (1) an inadequate law library and (2) inadequate online legal research resources. See *Appellant's Motion for the Appointment of Counsel* [Appeals Court Docket Doc. #3].

1

2. The appellant fails to demonstrate any actual legal prejudice due to his law library access and available legal resources nor has he established that he is not competent to pursue this matter on appeal without counsel.

3. The Court should deny the appellant's Motion to Appoint Counsel because appellant has not and cannot make any showing that would warrant appointed counsel in this matter.

II. **THE APPELLANT IS AN EXPERIENCED LITIGATOR AND HAS NOT DEMONSTRATED ANY ATTEMPTS TO OBTAIN AN ATTORNEY OR DEMONSTRATE AN INABILITY TO AFFORD COUNSEL**

4. The Seventh Circuit has held that appointment of counsel is discretionary. The court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." Shatner v. Taylor, 2012 U.S. Dist. LEXIS 91399, 4-6 (N.D. Ill. June 28, 2012); Gil v. Reed, 381 F.3d 649, 936 (7th Cir. 2004) (quoting Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir. 1992)).

5. If the Court finds that the indigent was unsuccessful in retaining counsel or precluded from making such efforts, the "Court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case." Shatner, 2012 U.S. Dist. LEXIS 91399, at 4-6; Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007); Gil, 381 F.3d at 656.

6. Here, the appellant has made no efforts himself to secure an attorney in this matter nor has he submitted any proof that he is unable to afford an attorney. Although the appellant claims to be indigent, he concedes that he has financial resources to pay for

photocopying and purchase his own legal material. [Appellate Doc. #3 at pg. 4, ¶¶ 10 and "wherefore" paragraph].

7. It is important to consider, that this appellant is an experienced litigator. As the appellant sets forth in his motion he has already "prosecuted this case *pro se* through 2 summary judgments and 1 appeal . . ." [Appellate Doc. #3 at Pg. 3, ¶1.

8. The appellant himself has pursued more than just a prior appeal in this case in the Seventh Circuit Court of Appeals. In addition to the current appeal, the appellant is currently pursuing an appeal in Court of Appeals Docket # 13-2055 as a *pro se* appellant. In fact, on September 14, 2014, this Court denied a similar motion for the appointment of counsel that was filed by the appellant in in Court of Appeals Docket # 13-2055 and raised similar issues. [Court of Appeals Docket # 13-2055, Doc. #s 35, 41].

9. Additionally, besides the instant appeal in this matter, the prior appeal in this matter and the appeal in Court of Appeals Docket # 13-2055, the appellant previously pursued three (3) other appeals in the Seventh Circuit Court of Appeals as a *pro se* litigant**:** Court of Appeals Docket #s 10-3492; 11-2830; 11-2897 and 12-3200.

10. Other than the underlying case, which the appellant litigated entirely on his own from June 25, 2008 to July 2, 2014, and the associated appeals (2), during the time the appellant has been housed at the Facility, the appellant filed and litigated some fifteen (15)[1] cases at the district court level *pro se*.

11. This is not a case where the facts at issue are so complicated as to require appointed counsel for an experienced litigator such as the appellant. The appellant does not

---

[1] On May 21, 2012, Plaintiff was appointed law students from the University of Illinois to represent him in *Smego v. Payne*, 09-cv-03177 (C.D. IL). However, plaintiff filed the case on July 8, 2009 and litigated the matter pro-se until the law students were appointed after nearly three years of litigation.

3

state, suggest or even imply that there is something unusually difficult about this particular case, which would require appointed counsel.

12.     The appellant essentially laid out the basis for his appeal in the motion that certain testimony "unduly biased the jury against the Plaintiff and placed unneeded confusion around the trial where none should have been." [Appellate Doc. #3 at pg. 3, ¶1]. By the appellant's own admission, "the facts at the time of trial were easy to understand . . ." [Appellate Doc. #3 at Pg. 3, ¶4]. As such, the Motion for Appointment of Counsel in this matter warrants denial even more so than the appellant's Motion for Appointment of Counsel in Court of Appeals Docket # 13-2055 because unlike in Court of Appeals Docket # 13-2055, here appellant does not claim that the issues at bar are "complex." [Court of Appeals Docket # 13-2055, Doc. # 35 at pg. 2, ¶ 8].

13.     The appellant has demonstrated with his numerous lawsuits over a sixteen year period that the appointment of counsel for him is not required.

14.     Based on the appellant's extensive history of litigation, to suggest that this appellant needs help on this appeal is preposterous. Simply put, the appellant is more than capable to handle this appeal on his own.

15. For the reasons stated above, the motion for appointment of counsel should be denied.

### III.     THE APPELLANT HAS NOT SHOWN ANY ACTUAL LEGAL PREJUDICE

16.     Appellant's assertions that he "could spend 6 months or more waiting his turn to use the law library" and that he "is blocked at every avenue" in trying to buy legal research materials are completely unsupported.

17. The appellant is not without access to resources that will assist him to pursue his appeal. The appellant's own motion concedes that the Facility has a computer program that can be used to access legal information and cases. Pl.'s Mot. Pg. 3, ¶10. Additionally, the appellant admits that the legal library at the Facility contains books to research legal issues. Id. Furthermore, the appellant acknowledges that he has access to "Prisoner- self-help litigation manuals relating to legal work." Pl.'s Mot. Pg. 3, ¶8.

18. Courts sitting in the Seventh Circuit have held that "neither restrictions nor limitations placed on access to legal materials, including stationary supplies, law books and materials received in the mail amounted to a deprivation of meaningful access to courts in the absence of a showing of actual or probable detriment." Deerwester v. Isham, 1999 U.S. Dist. LEXIS 5286, *18 (N.D. Ill. 1999).

19. The Seventh Circuit has held that "Inmates' right of meaningful access to the courts does not encompass an unfettered right of access to prison law libraries." Smith v. Shawnee Library System, 60 F.3d 317, 323 (7th Cir. 1995).

20. An inmate's right is "limited to access to a law library sufficient to enable a petitioner to research the law to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through initial stages of lawsuit." Shatner v. Taylor, 2012 U.S. Dist. LEXIS 91399, 6-7 (N.D. Ill. June 28, 2012). Courts should be "reluctant to interfere with the day-to-day operation of the jail and the manner in which law library requests are managed." Id. at 6.

21. The *Deerwester* court held that a plaintiff "must show that the alleged restrictions on his access to the law library caused him actual legal prejudice." 1999 U.S. Dist. LEXIS 5286 18.

5

22.   The appellant in this case does not set forth any facts to show that the limitations he alleges to exist at the Facility have in any way caused him any actual legal prejudice.

23.   Considering the appellant's litigation history, it is evident that he is not subject to any actual legal prejudice due to the restrictions at the Facility

24. For the reasons stated above, the motion for appointment of counsel should be denied.

### IV.   CONCLUSION

25.   As demonstrated by his litigation history at the Facility, the appellant has the ability to state a cause of action, perform basic research, formulate legal theories, and has taken multiple cases through trial proceedings and to an appeal. Further, he has access to a law library and Prisoner- self-help litigation manuals relating to legal work.

26.   For the reasons stated above, the appellant's motion for appointment of counsel should be denied.

Respectfully Submitted,

**WELDON-LINNE & VOGT**

By: /s/ Robert P. Vogt
    Robert P. Vogt

**WELDON-LINNE & VOGT**
Attorneys for Defendant
20 South Clark Street
Suite 2050
Chicago, Illinois 60603
(312) 236-5151
2.27.14 RSP to MTN Appt Counsel in Appeal

140-1524                        RPV/MGR                          #6191112

No. 15-1629

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE SEVENTH CIRCUIT

---

| | |
|---|---|
| RICHARD M. SMEGO, | ) |
| | ) District Court No.: 08-cv-03142 |
| Plaintiff - Appellant, | ) Trial Judge: Sue E. Myerscough |
| | ) |
| | ) |
| | ) |
| DR. JACQUELINE MITCHELL, | ) |
| | ) |
| Defendant – Appellee. | ) |
| | ) |
| | ) |

### CERTIFICATE OF SERVICE

I, Robert P. Vogt, certify that on **April 29, 2015**, I electronically filed **DEFENDANT JACQUELINE MITCHELL'S RESPONSE TO THE APPELLANT'S MOTION FOR THE APPOINTMENT OF COUNSEL,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

- N/A

and hereby certify that on **April 29, 2015,** I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Richard Smego
RUSHVILLE
17019 County Farm Road
Rushville, IL  62681

Respectfully Submitted,<br><br>**WELDON-LINNE & VOGT**<br><br>By: /s/ Robert P. Vogt<br>Robert P. Vogt

**WELDON-LINNE & VOGT**
Attorneys for Defendant
20 South Clark Street
Suite 2050
Chicago, Illinois 60603
(312) 236-5151

8